# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | **CIVIL NO. 1:13-CV-3035** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **SECRETARY OF THE INTERIOR,** *et al.*, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 1st day of June, 2018, upon consideration of Banks' motion (Doc. 12) for relief from judgment pursuant to Rule 60(b)(4), wherein he claims that the court's judgment[1] is void based on newly discovered evidence[2] that "Voice to Skull" technology is recognized by the National Security Agency (Doc. 12, ¶ 3), and

---

[1] The court dismissed Banks' complaint pursuant to 28 U.S.C. § 1915(g), finding that he was prohibited from proceeding *in forma pauperis* because he had at least three prior civil actions or appeals dismissed as frivolous, malicious, or for failing to state a claim for which relief may be granted, and that there was no indication that he was under imminent danger of serious physical injury. (Doc. 5).

[2] Typically, the relief Banks seeks is brought pursuant to Rule 60(b)(2) which provides that a party may file a motion for relief from a final judgment based upon newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b). FED. R. CIV. P. 60(b)(2). A motion based on newly discovered evidence under Rule 60(b)(2) must be brought within one year after the entry of the judgment. See FED. R. CIV. P. 60(c). The court dismissed Banks' complaint on January 15, 2014. (Doc. 5). Banks appealed to the United States Court of Appeals for the Third Circuit. (Docs. 7, 10). On March 12, 2014, the Third Circuit dismissed the appeal for failure to timely prosecute because Banks failed to file a motion demonstrating imminent danger. (Doc. 11). Banks filed the instant motion on February 15, 2018. (Doc. 12). Thus, if Banks opted to proceed under Rule 60(b)(2), the motion would have been untimely.

the court noting that a judgment is only considered void and subject to relief under Rule 60(b)(4) if: (1) the court which entered the judgment did not have personal or subject matter jurisdiction; (2) the court entered a decree which was not within the powers granted to it by law; or (3) the judgment arose out of a violation of due process that deprived a party of notice or the opportunity to be heard, see United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."); Marshall v. Board of Educ., Bergenfield, N.J., 575 F.2d 417, 422 (3d Cir. 1978) ("A judgment may indeed be void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered a decree which is not within the powers granted to it by the law." (internal quotation marks omitted)), and the court finding that it had jurisdiction over this matter and entered an order within its powers, and that there was no deprivation of due process as Banks was capable of appealing the court's order to the Court of Appeals, and that Banks has thus failed to show that the court's judgment was void for any of the reasons enumerated above, it is hereby ORDERED that the Rule 60(b)(4) motion (Doc. 12) is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania